WINEBRAKE & SANTILLO, LLC
R. Andrew Santillo, Esq. (NJ ID #025512004)
Mark J. Gottesfeld, Esq. (NJ ID #027652009)
Twining Office Center, Suite 211
715 Twining Road
Dresher, PA 19025
(215) 884-2491

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYLON UNDERWOOD, on behalf of himself and similarly situated employees, | CIVIL ACTION |
| Plaintiff, | NO. _____ |
| v. | JURY TRIAL DEMANDED |
| KMC ENTERPRISES, INC., | **(Document Filed Electronically)** |
| Defendant. | |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Waylon Underwood ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against KMC Enterprises, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56A, *et seq.* Plaintiff asserts his FLSA claim as a collective action under 29 U.S.C. § 216(b) and asserts his NJWHL claim as a class action under Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. This Court has subject matter jurisdiction over the NJWHL claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is an individual residing in Cherry Hill, New Jersey (Camden County).

5. Defendant is a corporate entity headquartered in Mount Laurel, New Jersey (Burlington County).

6. Defendant employs individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

7. Defendant is an employer covered by the FLSA and the NJWHL.

## FACTS

8. Defendant owns and operates a restaurant called Prospectors Steakhouse & Saloon located in Mount Laurel, New Jersey ("the Restaurant").

9. During the past three years, Defendant, upon information and belief, has employed well over 50 servers and bartenders at the Restaurant.

10. Servers and bartenders are primarily responsible for taking customers' food and drink orders, serving food and drinks to customers, and otherwise waiting on customers at the restaurant tables.

11. Plaintiff was employed by Defendant as a server and bartender at the Restaurant from approximately February 2016 until approximately May 2016.

12. Defendant paid Plaintiff and other servers and bartenders at the Restaurant an hourly wage below $7.25/hour.

13. Defendant paid its servers $2.13/hour and paid its bartenders approximately $4.00/hour.

14. In seeking to comply with the FLSA's mandate that employees receive a minimum wage of $7.25/hour and the NJWHL's mandate that employees receive a minimum wage of $8.38/hour, Defendant has utilized a "tip credit" for each hour worked by Plaintiff and other servers and bartenders. Thus, under the FLSA, Defendant has enjoyed the benefit of a $5.12/hour tip credit ($7.25 minus $2.13) for servers and a tip credit of approximately $3.25/hour ($7.25 minus $4.00) for bartenders. Meanwhile, under the NJWHL, Defendant has enjoyed the benefit of a $6.25/hour tip credit ($8.38 minus $2.13) for servers and a tip credit of approximately $4.38/hour ($8.38 minus $4.00) for bartenders.

15. Defendant has maintained a common policy of requiring Plaintiff and other servers and bartenders to contribute a portion of their tips to "Expediters" (a.k.a. "Expos").

16. Expediters' duties primarily consist of readying food orders for pick-up by the servers.

17. Expediters do not receive tips directly from customers.

18. This is because Expediters are required by Defendant to physically work in the Restaurant's kitchen and do not interact with restaurant customers.

## COLLECTIVE AND CLASS ALLEGATIONS

19. Plaintiff brings his FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who, during any time within the past three years, have been employed as servers and/or bartenders at the Restaurant.

20. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

21. Plaintiff brings his NJWHL claim pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals who, during any time within the past two years, have been employed as servers and/or bartenders at the Restaurant.

22. The putative class, upon information and belief, includes over 50 individuals, all of whom are readily ascertainable based on Defendant's standard timekeeping and payroll records, and, as such, is so numerous that joinder of all class members is impracticable.

23. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

24. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

25. Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendant's standardized compensation practices, including Defendant's practices of using the tip credit to satisfy its minimum wage obligations and requiring class members to share tips with Expediters.

26. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## **COUNT I**
**(Alleging Violations of the FLSA)**

27. All previous paragraphs are incorporated as though fully set forth herein.

28. The FLSA entitles employees to a minimum hourly wage of $7.25.

29. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers and bartenders, they forfeit the right to do so when they require servers and bartenders to share tips with other restaurant employees who do not "customarily and regularly receive tips." *See* 29 U.S.C. § 203(m). Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a tip credit when tips are shared with employees – such as Defendant's Expediters – whose direct customer interaction is minimal. *See*, *e.g.*, *Montano v. Montrose Restaurant Associates, Inc.*, 800 F.3d 186 (5th Cir. 2015); *Ford v. Lehigh Valley Restaurant Group, Inc.*, 2014 U.S. Dist. LEXIS 92801 (M.D. Pa. July 9, 2014).

30. By requiring Plaintiff and other servers and bartenders to share tips with Expediters, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and other servers and bartenders. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiff and other servers and bartenders an hourly wage below $7.25.

31. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the NJWHL)

32. All previous paragraphs are incorporated as though fully set forth herein.

33. The NJWHL entitles employees to a minimum hourly wage of $8.38.

34. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers and bartenders, they forfeit the right to do so when they require servers and bartenders to share tips with other restaurant employees who do not customarily and regularly receive tips.

35. By requiring Plaintiff and other servers and bartenders to share tips with individuals performing the work of Expediters, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and other servers and bartenders. As such, Defendant has violated the NJWHL's minimum wage mandate by paying Plaintiff and other servers and bartenders an hourly wage below $8.38.

36. In violating the NJWHL, Defendant has acted willfully and with reckless disregard of clearly applicable NJWHL provisions.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class and collective, seeks the following relief:

A. Unpaid minimum wages equaling the value of the tip credit for every hour worked;

B. Prejudgment interest;

C. Liquidated damages;

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as this Court deems just and proper.

Date: April 17, 2017
    s/ R. Andrew Santillo
    Peter Winebrake*
    R. Andrew Santillo, Esq. (NJ ID #025512004)
    Mark J. Gottesfeld, Esq. (NJ ID #027652009)
    WINEBRAKE & SANTILLO, LLC
    715 Twining Road, Suite 211
    Dresher, PA 19025
    (215) 884-2491

    **Pro Hac Vice* admission anticipated
    *Attorneys for Plaintiff*